FOWLER et al. v. JARVIS–CONKLIN MORTG. CO.

(Circuit Court, S. D. New York. September 22, 1894.)

1. RECEIVERS—REMOVAL.
     It is no ground of removal of receivers of a mortgage company that they are acting as selling agents of trustees of mortgages executed by the company to secure its debentures; the power to sell the mortgages resting with the trustees, and not being controlled by the court or receivers as such.

2. SAME.
     It is not ground for removal that a receiver of a corporation has become a member of a reorganization committee, but where a conflict over the plan of reorganization is foreshadowed the receiver will be required to resign from membership of the committee.

3. SAME—APPOINTMENT OF OFFICERS OF CORPORATION.
     The mere fact that the officers of a corporation whose business was complicated, intricate, and widely extended, with millions of dollars invested upon small mortgages scattered through several states, were imprudent in investing its money, is no sufficient ground for selecting as receivers strangers entirely unfamiliar with the assets, or the machinery for their collection.

Petition by Elizabeth Garnett for the removal of Samuel M. Jarvis and Roland R. Conklin as receivers of defendant in a suit by Benjamin M. Fowler, J. G. Zachry, and Elizabeth Garnett against the Jarvis-Conklin Mortgage Company.

Treadwell Cleveland, for the motion.

Wheeler H. Peckham, Arthur H. Masten, and Winslow S. Pierce, opposed.

LACOMBE, Circuit Judge. The petitioner gave to the receivers due notice of motion to remove them from office, and served therewith voluminous affidavits. Upon the hearing of such motion, counsel for the receivers submitted affidavits in answer to the charges made by petitioner. Inasmuch as counsel for petitioner had no opportunity to inspect these answering affidavits until the day of the hearing, he asked for and obtained from the court permission to file additional affidavits in reply to any new matter contained in those submitted on behalf of the receivers. To this counsel for receivers objected, insisting that his affidavits contained no new matter, but only detailed answers to the charges. Nevertheless the permission asked for was granted, it being assumed that counsel for petitioner would himself take the trouble to find out, from an analysis of his own and his adversary's papers, what was in fact new matter entitling him to reply. He seems to have preferred to leave this labor to the court. The voluminous additional affidavits which he has filed consist almost entirely of an amplification of his first charges, or of new averments as to the management of the insolvent corporation, not touched upon by the papers or arguments of either side when the motion was heard. Were this an ordinary motion, not concerned with the conduct of officers selected by the court itself, the additional affidavits would be returned as not complying with the terms upon which leave to file them was granted. As it is, the court has carefully examined them, and given due consideration to the few detached sentences found in them, which may, by a most liberal construction, be regarded as in the nature of a reply to the affidavits or argument of the receivers. The new charges contained in them are made without proper notice, and cannot be now considered. To do so would be grossly unfair to the receivers, who have had no opportunity to answer them.

There is nothing in the moving papers now properly before the court to show mismanagement or misconduct by the receivers. It appears that the mortgages which lie back of a particular series of debentures (not the series in which complainant owns) have been sold at 40 per cent. of their face value, and petitioner expresses the apprehension that those back of debentures in her own series may be sold at a sacrifice, without adequate advertisement and opportunity to bidders. But the power to sell or to refrain from selling mortgages back of debentures does not rest with the receivers, but with the several trustees of the different series, who are wholly uncontrolled by the court or its receivers. Nor is there any impropriety in the receivers acting as selling agents of these trustees, if

the latter choose to employ them in that capacity. On the contrary, it seems to be for the interest of all that they should do so.

Nor is it any ground for removal that one of the receivers has become a member of a reorganization committee. Several federal courts have approved of such a practice; and although this court entertains a different opinion, and will require absolute neutrality on the part of its officers, as between conflicting plans of reorganization, it will be sufficient if the receiver, now that some conflict over the plan of reorganization is foreshadowed, promptly resign from membership of the committee.

The bulk of petitioner's original moving papers is taken up with averments as to the management of the business of the corporation before the appointment of receivers. The careful, elaborate, and exhaustive answer of Jarvis and Conklin to the detailed charges as to the mortgages and investments specified in the petition disproves any suggestion of such fraudulent practices as would disqualify them from acting as officers of the court. It was well known to the court when they were appointed that it was under their management of its affairs that the corporation came to grief, and it would be no surprise to the court to learn that their business judgment had not been sound; that their methods of management had not been conservative; that they had been oversanguine, and improvident in investments. But it was apparent to the court then, and it is equally apparent now, that a business of such character, so complicated and intricate, so widely extended, with millions of dollars invested upon small mortgages scattered through several states, requiring prompt attention for collection of interest, maintaining of insurance, and payment of taxes, would be best attended to by receivers who, presumably, were familiar with all its details, and with the machinery already established for looking after its interests in hundreds of towns and hamlets in distant states. As receivers, there would be no new investments for them to make, calling for the exercise of a discretion which had in the past proved to be not always wise. They would only have to realize what they could from the assets by collection or by sale, and pay the same out under the court's order, meanwhile seeing to it that the property was conserved and the business organization kept up for the benefit of all concerned until some plan of reorganization was consummated, or the receivership wound up by sale and distribution of the property and good will. Inasmuch as this would have to be done under the supervision of the court, with full opportunity to all concerned of inspecting their books and papers and overhauling all their proceedings, the mere fact that they had, while officers of the company, been imprudent in investing its money, was no sufficient ground for selecting strangers entirely unfamiliar with those assets, or the machinery for their collection. The motion is denied.